UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR., | 1:19-cv-00953-LJO-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(g), WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL |
| vs. | |
| H. GAMBOA, et al., | (ECF No. 1.) |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

**I.  BACKGROUND**

Richard Jose Dupree ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 3, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) Plaintiff has not submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 or paid the $400.0 filing fee for this action.

**II.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

1

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was

frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." Andrews, 398 F.3d at 1121 (quotation and citation omitted).

### III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

1) Dupree, Jr. v. Santiago, Civil Case No. 2:11-cv-00309-EFB (E.D. Cal. Feb. 22, 2011 Order of dismissal for failure to state a claim) (strike one);

2) Dupree, Jr. v. U.S. Courts of the Eastern Dist. of CA, Civil Case No. 2:11-cv-00263-DAD (E.D. Cal. Mar. 24, 2011 Order of dismissal as frivolous) (strike two);

3) Dupree, Jr. v. United States Copyright Office, Civil Case No. 2:11-cv-01700-WBS-KJN-P (E.D. Cal. July 28, 2011 Order of dismissal as frivolous and for failure to state a claim) (strike three);

///

4) <u>Dupree, Jr. v. Scott</u>, Civil Case No. 1:11-cv-00565-OWW-DLB (E.D. Cal. July 12, 2011 Order of dismissal for failure to state a claim) (strike four); and

5) <u>Dupree v. International Telecommunications Satellite Organization</u>, Civil Case No. 1:11-cv-01233-SMS (E.D. Cal. August 10, 2011 Order of dismissal for failure to state a claim) (strike 5).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See <u>Cervantes</u>, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Id.</u> at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See <u>Cervantes</u>, 493 F.3d at 1053. In the Complaint, Plaintiff alleges that Defendants attempted to destroy his abilities to free himself from prison by stealing and/or destroying his lawsuits. He alleges that his private property has been taken during secret cell searches. According to Plaintiff's allegations, Defendants are in communication with and participating in illicit affairs with local news teams. Plaintiff also claims he is under satellite surveillance. Plaintiff also alleges that on December 13, 2017, he was body-slammed in the presence of officers, which caused him to be injured. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

///

Therefore, Plaintiff may not proceed *in forma pauperis* in this action and must submit the appropriate filing fee in order to proceed with this action. Accordingly, this action shall be dismissed under 28 U.S.C. § 1915(g), without prejudice to refiling with the submission of the $400.00 filing fee in full.

**IV. CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), this case is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 16, 2019**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE